Sung Ho Mo
Chapter 11
Case No. 22-14796-VFP

May 21, 2024

Mr. Mo and Mr. Bender:

      On April 15, 2024, Sung Ho Mo ("Debtor") sent email correspondence to the Court requesting permission to file an adversary complaint (the "Request") against HSBC Bank USA, Wells Fargo Bank, and certain of their respective officers (collectively, the "HSBC Parties") Attached as Exhibit A to the email was the complaint the Debtor seeks permission to file ("Proposed Complaint"). The HSBC Parties submitted opposition to the Request on April 26, 2024. The Court granted the Debtor permission to file a response, which was submitted on May 5th, the Debtor then supplemented that response, without the Court's permission, by email sent on May 11th. Notwithstanding that unauthorized supplement, the Court has carefully considered all these submissions and, for the reasons stated below, the Request is denied.

      The Proposed Complaint names the Debtor and his wife, Dae Sung Shim, as Plaintiffs and Wells Fargo Bank, N.A. ("Wells Fargo") and HSBC Bank USA, National Association as Trustee for Wells Fargo Assets Securities Corporation Mortgage Pass-Through Certificates, Series 2007-11 ("HSBC"), Charles W. Scharf, and Michael M. Roberts as Defendants (previously defined as the HSBC Parties). Mr. Scharf is alleged to be "liable for the business conduct of Wells Fargo" and Mr. Roberts is alleged to be "liable for the business conduct of HSBC." *Proposed Complaint* at 16. The Proposed Complaint seeks, *inter alia*, a declaratory judgment invalidating the secured status of Wells Fargo Bank, N.A. and damages for Wells Fargo filing a false proof of claim in the Debtor's bankruptcy case and for violation of the Fair Debt Collection Practices Act. The allegedly new facts that the Debtor is relying on in his Proposed Complaint are that HSBC submitted a different iteration of the Promissory Note in the foreclosure action than the one Wells Fargo submitted with its Proof of Claim in the bankruptcy case.[1]

      On March 31, 2023, this Court entered an Order declaring the Debtor to be a vexatious litigant and ordering that the "Debtor shall file no more pleadings, motions, motions for reconsideration or other applications that directly or indirectly seek the same or similar relief that has previously been denied by this Court." ("Vexatious Litigant Order') [Dkt. No. 236]. This Request violates the Vexatious Litigant Order because the Request seeks the same relief this Court and others have denied multiple times, i.e., Debtor's repeated and repeatedly failed efforts to invalidate the secured claim of HSBC and/or Wells Fargo.[2] If this Court were to allow the Proposed Complaint to be filed, it would be the third complaint the Debtor has filed in this bankruptcy case attempting to invalidate the underlying mortgage and/or the Final Judgment of Foreclosure obtained by HSBC in the amount of $1,061,232.39 in Superior Court of

---

[1] The assignments of the subject mortgage are detailed at page four of the HSBC Parties' Memorandum in Opposition to Debtor's Request ("Opposition").

[2] In the Opposition, the HSBC Parties list the one dozen actions and appeals the Debtor filed with respect to the HSBC Parties (footnote 1), and the multiple efforts to invalidate the claims of other creditors (footnote 2). That is without even considering the State Court foreclosure proceedings.

New Jersey, Chancery Division with respect to the Debtor's residence at 23 Independence Trail, Totowa, New Jersey.

In the first adversary proceeding [Adv. Pro. No. 22-1186], even though a Final Judgment of Foreclosure had been entered after years of contested litigation, the Debtor sought a "judgment declaring that the promissory note and mortgage are unenforceable and monetary damages due to HSBC's frivolous foreclosure action in the Chancery [C]ourt." This Court dismissed the first adversary complaint with prejudice. The day before the dismissal order was entered, the Debtor filed a second adversary proceeding [Adv. Pro. No. 22-1308] that sought essentially the same relief – to invalidate HSBC's mortgage and its foreclosure judgment – based on various grounds that were or could have been asserted by the Debtor in the state court foreclosure action. For the reasons stated in the Scheduling Order for Deemed Motions for Reconsideration (the "Deemed Reconsideration Order") [Dkt. No. 116], this Court deemed the second adversary complaint to be a request for permission to file a motion for reconsideration of the dismissal of the first adversary complaint and gave the Debtor 30 days to file and serve a separate Motion for Reconsideration or the complaint would be dismissed. The Debtor did not seek reconsideration in accordance with the terms of the Deemed Reconsideration Order, so the Debtor's second adversary proceeding was dismissed. In that same Order, the Court granted Wells Fargo's cross-motion to declare the Debtor a vexatious litigant based on, among other things, the Debtor's long prior history of filing repeated motions for reconsideration and duplicative complaints in this and other courts. The Debtor's Request to file this third adversary complaint directly violates the intent and purpose of the Vexatious Litigant Order.

In addition to violating the Vexatious Litigant Order, the Request must be denied because the relief sought in the Proposed Complaint is currently before the Third Circuit as part of the Debtor's appeal of Debtor's Objection to Wells Fargo's Proof of Claim [Appeal number 23-2943]. The Debtor attached his appellate reply brief to the email he sent the Court on May 5th. In that reply brief, the Debtor argues that "HSBC and Wells Fargo have presented two different original Notes to the courts …." *Reply Brief on Appeal* at 1. That is precisely the issue that the Debtor seeks to adjudicate before this Court in the Proposed Complaint. There is a long-standing principle in the federal courts that provides that lower courts are divested of jurisdiction to hear matters that are before appellate courts. *Venen v. Sweet*, 758 F.2d 117, 121-22 (3d Cir. 1985) ("the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved."); *In re Rivera*, 580 B.R. 432, 438 (Bankr. E.D. Pa. 2017) (noting that the same rule applies in the context of appeals from bankruptcy court orders). The principle that a timely notice of appeal immediately transfers jurisdiction to the appellate court is a judge-made doctrine that is designed to promote judicial economy and to avoid the confusion and complications (including inconsistent determinations) that may result when two courts are dealing with the same issue at the same time. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982). Allowing the Debtor to file this Proposed Complaint would certainly create unnecessary confusion and potential complications.

Additionally, the Request must be denied on substantive grounds including res judicata, collateral estoppel, and the *Rooker-Feldman* doctrine because it seeks the same relief the Debtor has sought and been denied multiple times in state court and other courts. The Debtor has filed over a dozen collateral attacks against Wells Fargo and HSBC with respect to the underlying foreclosure action and

the validity of the loan and final judgment, as noted above. As this Court has told the Debtor in the past, at some point litigation must end.

*Res judicata* (claim preclusion) is an equitable doctrine which bars the relitigation of claims already litigated, or the litigation of claims which could have been litigated, between the same parties (or parties in privity with them). *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). This was the primary basis for the Court's dismissal of the Debtor's first adversary complaint. It applies here again. For the doctrine to apply, there must have been a final judgment in the previous action. *McNeil v. Legislative Apportionment Comm'n of N.J.*, 177 N.J. 364, 395 (2003). As previously noted, HSBC obtained a Final Judgment of Foreclosure in the amount of $1,061,232.39 in the Superior Court of New Jersey on June 10, 2022. That judgment was not appealed and the time for the Debtor to file an appeal has long passed. A judgment is considered final when a court "issues a judgment and the losing party allows the time for appeal to expire." *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17 (1st Cir. 2005).

Alternatively, collateral estoppel (issue preclusion) applies. For this doctrine to apply, a court must find that:
(1) the issue to be precluded is identical to the issue decided in the prior proceeding;
(2) the issue was actually litigated in the prior proceeding;
(3) the court in the prior proceeding issued a final judgment on the merits,
(4) the determination of the issue was essential to the prior judgment; and
(5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

*In re Dawson*, 136 N.J. 1, 20 (1994). All these elements are present here. The issue that the Debtor seeks to raise in his Proposed Complaint – that the Promissory Note is invalid – is identical to an issue that was decided in the foreclosure proceeding. That issue was actually litigated in the prior proceeding. The Debtor contends that the allegations in the Proposed Complaint are new because he is now asserting that Wells Fargo's Proof of Claim is fraudulent because the Promissory Note attached to the Proof of Claim is allegedly different than the Promissory Note that was submitted in the foreclosure action. In reality, it is the same argument that the Debtor has made many times before. Wells Fargo's Proof of Claim is based on the Final Foreclosure Judgment and a finding that there was a valid Promissory Note was essential to that Judgment. In support of the renewed motion for final judgment in the foreclosure action, HSBC submitted a Certification of Proof of Amount Due and Schedule, by a Vice President of Loan Documentation at Wells Fargo, that certified that Wells Fargo had possession of the Promissory Note directly or through an agent. In entering the Final Judgment of Foreclosure, the Chancery Court necessarily relied on that statement because a finding that the foreclosing party had possession of an original or duly endorsed Promissory Note was essential to the judgment. The Chancery Court considered all the Debtor's arguments regarding standing and found them to be meritless which is why it ultimately entered the Final Foreclosure Judgment. Therefore, the standing issue may not be raised again in this Court. And, in any event, since stay relief has been granted, the appropriate forum to request any such relief is the New Jersey Superior Court that entered the Final Judgment of Foreclosure (which is similar or identical to the relief Debtor has requested and been denied many times before in that Court).

Additionally, the *Rooker-Feldman* doctrine prevents a federal trial court from exercising appellate jurisdiction over a state court judgment. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). In *Exxon Mobil*, the Supreme Court explained that the *Rooker-*

*Feldman* doctrine applies when a party that lost in the state court is complaining of injuries caused by the state court judgment and is asking the federal court to review and reject that judgment. *Exxon Mobil Corp. v. Saudi Basic Indus.,* 544 U.S. 280, 284 (2005). That doctrine applies here because in the Proposed Complaint the Debtor is arguing that Wells Fargo and/or HSBC do not have a valid secured claim because of alleged irregularities with the Promissory Note. If this Court accepted that argument it would be undoing a final foreclosure judgment rendered in the state court and it cannot and will not do that.

Finally, as is noted in the HSBC Parties' Opposition, the fact that the Note presented to the Superior Court is allegedly different because of a different endorsement than the one submitted with Wells Fargo's Proof of Claim is not unusual or a fraud. It simply reflects that the Note has been endorsed over the prolonged period of time that these cases have been litigated by the Debtor.

In yet another similar collateral attack against Wells Fargo, the Debtor requested permission to file a "Motion to Reconsider January 11, 2024 Order Denying Debtor's Motion to Cram-Down Wells Fargo's Claim." In its January 13, 2024 email denying that request, this Court cautioned that:

> These requests are precisely the type of baseless and vexatious proposed submissions that this Court's March 31, 2023 Order attempted to prevent. The Debtor has chosen to proceed unrepresented in this case despite this Court repeatedly urging him to retain competent bankruptcy counsel. Nonetheless, even an unrepresented party is subject to Fed. R. Bankr. P. 9011 and the Debtor is exposing himself to sanctions if he continues to file papers or requests to file papers for an improper purpose and that are not warranted by existing law or a nonfrivolous argument for a modification of it. The Debtor should be guided accordingly in making any future requests.

The Court will allow the HSBC Parties 30 days to file and serve a request for sanctions against the Debtor in the form of attorney's fees and expenses incurred in responding to the Request and any other appropriate relief it may seek. The Debtor shall have 21 days to respond, and the HSBC Parties may reply 7 days thereafter. The Court may then decide the issue on the papers or conduct a hearing to resolve the issue.

Hon. Vincent F. Papalia, U.S.B.J.
United States Bankruptcy Court for the District of New Jersey
Martin Luther King Federal Building
50 Walnut Street
Newark, NJ 07102